IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT MURPHY                                                                        PLAINTIFF

v.                                                  4:06CV01619 WRW/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson, Jr.. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The United States District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Pending before the Court is Defendant's Motion to Dismiss (docket entry #5) in which he argues that Plaintiff's Complaint is barred by *res judicata*. In support of this Motion, Defendant has filed a Declaration of an appropriate Social Security Administration official. (Docket entry #6.) As a Response to Defendant's Motion to Dismiss (docket entry #7), Plaintiff files what amounts to a "general denial."

Before addressing the merits of this Motion, the Court will briefly review the procedural history of the case. On September 4, 1997, Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Declaration at 3.) On

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

March 25, 1999, an Administrative Law Judge (ALJ) issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making it a final determination. *Id.* Plaintiff appealed the Commissioner's decision to this Court, which reversed and remanded. *Murphy v. Massanari*, 4:00CV00628 SWW (Judgment, Nov. 30, 2001).

Following remand, Plaintiff was found disabled as of August 1, 2001, based on his meeting the requirements of Listing 12.05C. *Id.* On January 29, 2003, an ALJ issued a partially favorable decision, finding Plaintiff disabled and entitled to receive SSI as of February 10, 2001. However, the ALJ found that Plaintiff was not eligible for DIB because he was no longer insured, for the purposes of Title II, as of February 10, 2001, the date of onset of disability.[2] *Id.* Although he had the right to appeal the ALJ's decision, Plaintiff elected not to do so.

On January 7, 2005, Plaintiff protectively filed another application for DIB. *Id.* After it was denied initially and on reconsideration, Plaintiff requested a hearing before an ALJ. *Id.* On June 30, 2006, an ALJ denied this request based on the doctrine of *res judicata*. *Id.* After the Appeals Council denied Plaintiff's request for review, he filed this Appeal. (*Id.*, docket entry #1.)

Based on the undisputed procedural history of this case, the Court concludes that Plaintiff's Complaint seeking DIB is now barred by *res judicata*. The ALJ's January 29, 2003 decision found that Plaintiff was disabled, as of February 10, 2001, and eligible to receive SSI but *not* DIB. (Declaration at 4.) Plaintiff had the right to request that the Appeals Council review the ALJ's decision, but did *not* do so. Therefore, the ALJ's decision is now final and entitled to *res judicata* effect. 20 C.F.R. § 404.955 (2002). *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . As this Court and other

---

[2]Plaintiff was last insured for the purposes of Title II on December 31, 1997. (Exhibit 5 to Declaration, at 8) In order to receive DIB, an applicant must establish that he was disabled before the expiration of his insured status. 42 U.S.C. §§ 416(i), 423(c) (1991); *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998); *Battles v. Sullivan*, 902 F.2d 657, 659 (8th Cir. 1990).

courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication").

According to Plaintiff, he requested Defendant to reopen his Title II claim based on allegedly "newly discovered evidence"; however, the Commissioner denied this request. (Docket entry #1, paragraph 3.) In *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977), the Court made it clear that, because the Commissioner's decision not to reconsider a previously denied claim is not a "final order," it is not reviewable by way of an appeal to Federal Court:

> [T]he opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing--and being denied--a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 C.F.R. § * (2003). § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

*See also Robertson v. Sullivan*, 979 F.2d 623, 625 (8th Cir. 1992).

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss (docket entry #5) be granted, that all other pending Motions be rendered MOOT, and that the case be dismissed, with prejudice.

DATED this 2nd day of May, 2008.

UNITED STATES MAGISTRATE JUDGE